### WILL ESPY v. THE STATE.

No. 1380. Decided November 15, 1911.

**Theft of Horse—Charge of Court—Statement of Facts.**

Where the court's charge submitted a state of facts authorized by the indictment, objections to the court's charge could not be considered in the absence of a statement of facts.

Appeal from the District Court of Wharton.    Tried below before the Hon. Wells Thompson.

Appeal from a conviction of theft of a horse; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—Appellant was indicted and convicted of the theft of a horse and his penalty fixed at three years in the penitentiary.

There is no statement of facts or bills of exceptions in the record. Neither is there any complaint of the charge of the court.

The three grounds of the motion for new trial are: First, the court erred in overruling appellant's application for a continuance. There is no bill of exceptions in the record; hence, we can not pass upon this question.

The second ground is that the verdict and judgment are contrary to and not supported by the evidence. As there is no statement of facts this can not be considered. The other ground is that the court erred in his charge to the jury in failing to submit the issue raised by the testimony of the defendant that the said horse was delivered to him as security for a debt. This can not be considered in the absence of a statement of facts.

The indictment is regular, the charge of the court submits clearly a state of facts authorized by the indictment; hence, the judgment will be affirmed.

*Affirmed.*